UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

HARRY KEILHOLTZ,                          )
                                          )
          Petitioner,                     )
                                          )
v.                                        )     Nos.  2:16-CR-030
                                          )           2:20-CV-176
UNITED STATES OF AMERICA,                 )
                                          )
          Respondent.                     )

## MEMORANDUM AND ORDER

Harry Keilholtz ("Petitioner") filed a motion for discovery [Doc. 2] and a supplemental motion for discovery [Doc. 24] pursuant to 28 U.S.C. § 2255. The undersigned referred this matter to United States Magistrate Judge Cynthia Richardson Wyrick for issuance of a Report and Recommendation ("R&R") on whether the discovery motions should be granted.

Magistrate Judge Wyrick issued her R&R on July 7, 2021 after the motions were ripe before the Court. [Doc. 40] Therein, the magistrate judge determined that Petitioner failed to meet his burden to establish reason to believe that if the facts of the matter were fully developed, he would be entitled to relief under any grounds in his § 2255 motion. [*Id.* at 11]. Further, Petitioner failed to show that good cause exists which entitles him to discovery. [*Id.*]. In light of these findings, Magistrate Judge Wyrick recommended that the Court deny Petitioner's motion for discovery and supplemental motion for discovery [Docs. 2 & 24].

Petitioner objects to the R&R, the United States has responded to those objections, and Petitioner filed a Reply. [Docs. 41, 45 & 51]. The matter is now ripe for determination. Petitioner's Motions, Replies, and Objections; the United States' Responses; and Magistrate Judge Wyrick's R&R have been carefully reviewed by the Court. For the reasons that follow, the Court will adopt the Report and Recommendation [Doc. 40] in full. Petitioner's Motion for Discovery [Doc. 2] and Supplemental Motion for Discovery [Doc. 24] will be **DENIED**.

## I.     BACKGROUND

The indictment in this case charged Petitioner and eleven co-defendants with 23 counts related to conspiracy to distribute 50 grams or more of methamphetamine along with related gun charges. [Criminal "Crim" Doc. 3]. Petitioner was named in two counts. [*Id*.]. Petitioner entered into a plea agreement in March 2019 [Crim. Doc. 382] but was granted leave to withdraw his guilty plea about 2 weeks later [Crim. Doc. 386]. In April 2019, Petitioner requested to accept the plea agreement that he had previously withdrawn from. [Crim. Doc. 388]. The Court granted this motion [Crim. Doc. 389] and vacated its prior order allowing Petitioner to withdraw his guilty plea [Crim. Doc. 386]. On April 16, 2019, an Amended Plea Agreement was filed which was signed by Petitioner and his then counsel, Jerry Fabus. [Crim. Doc. 392]. In the Amended Plea Agreement, there is no mention of the United States agreeing to file a motion for downward departure under U.S.S.G. § 5K1.1, and there is a section stating that the plea agreement and supplement "constitute the full and complete agreement and understanding between the parties…" [*Id*.]. In the Amended Plea Agreement, Petitioner also agreed not to file an appeal unless

2

the sentence was greater than the guideline range or file a 28 U.S.C. § 2255 motion except for claims of prosecutorial misconduct or ineffective assistance of counsel. [*Id.*]. On August 1, 2019, the Court sentenced Petitioner to 180 months' imprisonment for Count 1 and 60 months' imprisonment for Count 2, to be served consecutively for a net term of 240 months. [Crim. Doc. 416]. Petitioner did not file an appeal.

In August 2020, Petitioner filed a § 2255 motion, raising several grounds for relief – five claims of Prosecutorial Misconduct, two claims of Ineffective Assistance of Counsel, one claim that 18 U.S.C. § 3553(e) violates the Due Process Clause of the Constitution, and one claim that U.S.S.G. § 5K1.1 violates the Due Process Clause of the Constitution. [Doc. 1; Crim. Doc. 437]. Petitioner filed a motion for discovery in the form of interrogatories and requests for production that probe the Government's knowledge of an alleged Task Force cooperation agreement, the existence of communications regarding any cooperation agreement, and specific information regarding any arrests/convictions resulting from Petitioner's cooperation. [Doc. 2]. Petitioner has also filed a supplemental motion for discovery seeking permission to submit supplemental interrogatories making several broad requests for information regarding the frequency in which the Office of the United States Attorney for the Eastern District of Tennessee used 28 U.S.C. § 2255 waiver provisions in plea agreements in cases with appointed counsel and cases involving drugs and methamphetamine, any statistical information regarding the use of § 2255 waiver provisions from 2015-2019, and information regarding any policy pertaining to substantial-assistance motions where a defendant has fled from law enforcement or become a fugitive. [Doc. 24, Ex. 1].

3

The United States argues that Petitioner's requests for discovery are "fishing expeditions" based on a reckless and false assumption that a defendant charged in a separate case known by the alias, "Flaco," is the same "Flaco" who was Petitioner's methamphetamine supplier. [Doc. 18]. The United States avers that the two gentlemen are separate individuals who use the same nickname. [*Id*.]. As such, the United States argues, Petitioner has failed to articulate a non-frivolous claim or establish that any of the requested discovery is indispensable to resolving his § 2255 claims. [*Id*.]. Further, the United States argues that the broad requests regarding the frequency of waiver provisions in Petitioner's supplemental motion are unrelated to Petitioner's § 2255 claims, and Petitioner has failed to establish good cause for additional discovery regarding the policies related to waivers and substantial assistance motions for fugitives. [Doc. 32].

After reviewing the filings, Magistrate Judge Wyrick determined that Petitioner had not demonstrated that there was an enforceable cooperation agreement, without which he cannot demonstrate that he is entitled to relief on his § 2255 claims. [Doc. 40]. Further, Magistrate Judge Wyrick determined that there must be reason to believe that the terms of the agreement required the United States to file a motion for downward departure based on substantial assistance despite the fact that Petitioner cooperated for only two weeks before becoming a fugitive from justice for roughly 30 months. [*Id*.]. Magistrate Judge Wyrick found that Petitioner's primary evidence that a cooperation agreement existed was Detective Riddle's declaration which also demonstrates that Detective Riddle did not have direct contact with anyone on the prosecution team in Petitioner's case and that despite Petitioner's willingness to cooperate, his cooperation was not useful to the investigation.

[*Id.*]. Magistrate Judge Wyrick also found that the terms of Petitioner's Amended Plea Agreement did not require the Government to file a 5K1.1 downward departure motion and specifically stated that it constituted the full and complete agreement between the parties and voided any and all "other promises, representations, and statements whether made before, contemporaneous with, or after" the agreement. [*Id.*]. Magistrate Judge Wyrick further determined that Petitioner had failed to demonstrate how discovery would assist in further developing the ineffective assistance of counsel claims or the due process claims in his §2255 motion. [*Id.*].

## II.     AUTHORITY

District courts are both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). District courts need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, a district court may authorize a movant to conduct discovery upon a showing of good cause. Good cause is established "where specific allegations ... show reason to believe that [the movant] may, if the facts are fully developed, be able to demonstrate" entitlement to relief. *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (internal quotations omitted); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). A petitioner may not "use federal discovery for fishing

5

expeditions to investigate mere speculation." *Calderon v. United States District Court*, 98 F.3d 1102, 1106 (9th Cir. 1996).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262 (1971). If a plea agreement is silent with respect to substantial assistance motions, then the court may only review the government's decision not to file a motion for substantial assistance for unconstitutional motives. *United States v. Lukse,* 286 F.3d 906, 911 (6th Cir. 2002). *See also United States v. Gates,* 461 F.3d 703, 711 (6th Cir. 2006) (holding that prosecutorial misconduct claim based on government's failure to file § 5K1.1 downward departure motion was reviewable only if there was claim of unconstitutional motivation); *United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir. 1998) (citing *Wade v. United States,* 504 U.S. 181, 185-86 (1992) (holding that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive.")). A claim based on bad faith is not reviewable. *See United States v. Moore,* 225 F.3d 637, 641 (6th Cir. 2000).

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Courts must presume that counsel's assistance was effective, and petitioners bear the burden of showing

6

otherwise. *See Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

## III.   Analysis

As noted above, Magistrate Judge Wyrick found that Petitioner did not satisfy his burden to show good cause or a reason to believe that Petitioner would be entitled to relief were the facts more developed.

The magistrate judge concluded,

> [T]he record demonstrates that the United States did in fact disclose Petitioner's early cooperation to the District Court for its consideration during sentencing. Additionally, Petitioner has failed to demonstrate the existence of an enforceable cooperation agreement which would have required the filing of a motion for downward departure. Even if such agreement existed, Petitioner has failed to demonstrate that the cooperation agreement survived entry of his plea agreement which contained clear language noting that it superseded all prior agreements. Moreover, Petitioner has failed to make out a colorable claim for ineffective assistance of counsel and even if he had, has not demonstrated how any discovery requested would aid in him proving his claim. The Court further finds that Petitioner has not demonstrated a likelihood of success sufficient to justify ordering discovery as to his assertion that the appellate waiver in his plea agreement is an unenforceable adhesion contract. Lastly, Petitioner has failed to show that discovery would aid him in addressing the constitutional challenge he has raised to 18 U.S.C. § 3553(e) and Federal Sentencing Guideline §5K1.1.
>
> Upon consideration of the foregoing, the Court finds that Petitioner has failed to establish reason to believe that if the facts in this matter

were fully developed, he would be entitled to relief under any of the grounds he has asserted. As such, Petitioner has failed to show that good cause exists which entitles him to discovery in this action.

[Doc. 40, p. 11] (internal citations omitted).

Petitioner, through counsel, filed several objections to the R&R:

1) Petitioner objects to the Magistrate Judge's recommendation that he is not entitled to discovery;

2) Petitioner objects to the finding that Petitioner could not prevail even if he had shown an enforceable agreement as the amended plea agreement superseded all other agreement;

3) Petitioner objects to the characterization that his ineffective assistance of counsel claims as being "barebones" and that discovery would not assist in further developing those claims;

4) Petitioner objects to the Court's determination that the plea agreement was not or could not be a contract of adhesion because the Court reviewed it with him in detail and he entered into it freely and voluntarily;

5) Petitioner objects to the Court's statement that "The Sixth Circuit has clearly held that such provisions are not adhesion contracts;" and

6) Petitioner objects to the Court's statement that he has not demonstrated how discovery would be necessary or of any assistance in moving forward with his constitutional challenge.

[Doc. 41].

The United States responds that Magistrate Judge Wyrick did not err in concluding

that Petitioner had filed to show that he was entitled to discovery. [Doc. 45]. The United

States argues that because

> Keilholtz sought § 2255 relief by alleging, among other things, that the prosecution team violated an enforceable cooperation agreement purportedly negotiated by Detective Riddle, the magistrate judge reasonable found that Keilholtz would be unable to prove his entitlement to relief on that claim without proving the existence of an enforceable cooperation agreement between [Kielholtz] and Detective Riddle and/or the Task Force.

[*Id*.] (internal quotations omitted). Further the United States argues that the evidence

already presented by Petitioner shows that Detective Riddle was not authorized to negotiate

an enforceable cooperation agreement, and Petitioner would not be able to show

entitlement to relief even if Detective Riddle was authorized because the express terms of

the Amended Plea Agreement nullified any other previous agreements. [*Id*.].

As stated above, Petitioner must show good cause for discovery and that he may be

entitled to relief should the facts be fully developed. Here, the record supports Magistrate

Judge Wyrick's conclusions that Petitioner has not satisfied his burden to show he may be

entitled to relief were the facts further developed with discovery. Contrary to Petitioner's

argument that Magistrate Judge Wyrick "put the cart before the horse" in addressing the

overall likelihood of success of Petitioner's claims, Petitioner must make a showing that

he may be entitled to relief in order to obtain discovery. *Bracy*, 520 U.S. at 908–09.

Consequently, a finding that Petitioner is not entitled to relief will also find that Petitioner

is not entitled to discovery.

Here, Petitioner's claims for prosecutorial misconduct center on the Government's

failure to file a 5K1.1 motion for downward departure based on substantial assistance. As

noted above, these claims of prosecutorial misconduct are not reviewable unless Petitioner raises a claim that the Government failed to file a motion based on unconstitutional motives. Petitioner has not made those allegations here, and instead insists that there was an enforceable cooperation agreement. However, as Magistrate Judge Wyrick correctly concluded, the Amended Plea Agreement signed voluntarily by Petitioner superseded any prior cooperation agreement, making discovery of any such agreement inconsequential to deciding the ultimate issue of Petitioner's § 2255 claim. Further, Magistrate Judge Wyrick did not err in concluding that Petitioner had not demonstrated the necessary showing of likelihood of success as to Petitioner's ineffective assistance claims, his due process claims, and his assertion that the § 2255 and appellate waiver in his Amended Plea Agreement is an unenforceable adhesion contract.

## IV.     CONCLUSION

After a thorough review of the Report and Recommendation [Doc. 40] and the Parties' filings [Docs. 2, 3, 18, 24, 32, 39, 41, 45, & 51], the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation [Doc. 40] in its entirety. Petitioner's objections [Doc. 41] to the Report and Recommendation are **OVERRRULED**. Accordingly, Petitioner's motion for discovery and supplemental motion for discovery [Docs. 2 & 24] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

10